UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER F. YEARSLEY, Plaintiff, v. EVERGREEN CONCRETE CUTTING INC., et. al, Defendants. | CASE NO. 3:26-cv-05591-BHS<br>ORDER |

This matter is before the Court on plaintiff Christopher Yearsley's motion to remand, Dkt. 13.

This is a wage and hour putative class action. Defendant Evergreen Concrete Cutting employed Yearsley as an hourly worker. Dkt. 1-2 at 3. During his employment, he was a member of the Washington and Northern Idaho Council of Laborers Union, and Evergreen was a member of the Associated General Contractors of Washington ("AGCW"). Dkt. 3 at 2. Yearsley's employment was governed by two collective bargaining agreements ("CBA") between the Union and AGCW: one effective from 2021 to 2024, and the other from 2024 to 2027. *Id.*

Yearsley sued Evergreen in Pierce County Superior Court in 2026, alleging that Evergreen "did not pay hourly wages based on electronically clocked worked time," "did not pay wages for all time spent driving company vehicles to and from customer jobsites," "coded some hours worked by Plaintiff and the other Class members as 'nonwork,'" and "did not pay overtime when hours worked exceeded forty in a workweek." Dkt. 1-2 at 4. Yearsley asserts claims for violations of the Washington Public Works Act ("PWA"), RCW 39.12; Hours of Labor Act ("HLA"), RCW 49.28; Industrial Welfare Act ("IWA"), RCW 49.12; Minimum Wage Act ("MWA"), RCW 49.48, and the Wage Rebate Act ("WRA"), RCW 49.52. He seeks to represent a class of similarly situated Evergreen employees. *Id*.

Evergreen timely removed the case, asserting that because he was employed and paid under a collective bargaining agreement, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, completely preempts Yearsley's state law claims. Dkt. 1. It contends that '[w]here a right asserted is rooted in a CBA, the claim must be either treated as a Section 301 claim or dismissed as preempted by federal law." *Id.* at 5.

Yearsley moves to remand, arguing that he brings only independent statutory state law claims, none of which depend on analysis of the CBA. Dkt. 13. He emphasizes that he does not "assert a claim for breach of contract, does not seek to enforce any provision of the CBA, and does not allege that Defendants violated any duty created by the CBA." *Id.* at 13.

Evergreen responds that each of Yearsley's claims "depends on determining whether the activities at issue constitute compensable work" under the CBA. Dkt. 17 at 9. It argues that the Court cannot determine whether Yearsley was underpaid without first determining the meaning and application of the CBA's specific provisions addressing overtime and travel. *Id.* at 10. It asserts that because Yearsley's claims are preempted by § 301, the Court has subject matter jurisdiction over the claims and removal was proper.[1]

## I. DISCUSSION

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing that removal was proper by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). If after removal it appears that the court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

[1] Evergreen's surreply, Dkt. 20, asks the Court to strike portions of Yearsley's reply brief, Dkt. 18, that attributed to Evergreen certain arguments and citations that did not appear in Evergreen's briefing. The Court does not rely on those characterizations and Evergreen does not contend that the cited authorities themselves were misstated. Because the challenged portions do not affect the Court's analysis, Evergreen's motion to strike is **DENIED**.

Federal district courts "have original jurisdiction of over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008). An anticipated federal defense cannot form the basis of removal. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

One exception to this rule, however, is complete preemption. If the preemptive force of a federal statute is "so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," the claim is considered to necessarily "arise under" federal law and therefore invoke federal question jurisdiction. *Caterpillar*, 482 U.S. at 393 (citation modified); *Hansen*, 902 F.3d at 1058 ("Once completely preempted, a state-law claim ceases to exist.")

Section 301 of the LMRA provides that all suits seeking relief for violation of a CBA may be brought in federal court. 29 U.S.C. § 185(a). "A claim that falls within § 301's ambit 'is considered, from its inception, a federal claim,' and so is subject to removal based on federal question jurisdiction." *McCray v. Marriott Hotel Servs., Inc.*,

902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Caterpillar*, 482 U.S. at 393). "This is true even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp*., 491 F.3d 1053, 1059 (9th Cir. 2007). "Otherwise, parties would be able 'to evade the requirements of section 301 by relabeling their contract claims as claims for tortious breach of contract' or some other state cause of action, and thus 'elevate form over substance.'" *Id*. (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)).

The Ninth Circuit applies a two-step framework to determine whether state law claims are preempted. *Burnside*., 491 F.3d at 1059–60 (9th Cir. 2007). First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1059. If a right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there. *Id*. If, however, the right "exists independently of the CBA," the Court then asks whether the right "is nevertheless 'substantially dependent on analysis of a [CBA].'" *Id*. (quoting *Caterpillar*, 482 U.S. at 394. A claim is "substantially dependent" on a CBA if the claim requires "interpreting" the CBA.

"Interpretation" of a CBA is defined narrowly. *Garcia v. Serv. Emps. Int'l Union*, 993 F.3d 757, 765 (9th Cir. 2021). Merely considering, referring to, or otherwise consulting the language of a CBA is not sufficient to trigger preemption. *Id*. There must be an active dispute over the meaning of the CBA's terms. *Curtis v. Irwin Indus., Inc*., 913 F.3d 1146, 1153 (9th Cir. 2019). In addition, "alleging a hypothetical connection

between the claim and the terms of [a] CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691-92 (9th Cir. 2001).

Yearsley's state law claims are based on four allegations relating to unpaid travel time: Evergreen failed to pay all wages owed, failed to compensate travel time, improperly designated certain time as "nonwork," and failed to compensate overtime when hours exceeded forty per week. Dkt. 1-2 at 4. Evergreen argues that each of these allegations concern a subject expressly governed by the CBA's provisions for overtime[2] and travel[3]. It asserts that determining whether Yearsley was underpaid requires the Court to determine whether the disputed activities constitute compensable work under the CBA. It argues that to resolve Yearsley's claims, the Court must interpret the CBA to resolve the following questions:

- what activities constitute compensable work;
- whether the travel at issue qualifies as compensable time;
- when compensable work begins;
- whether disputed hours count toward overtime thresholds; and

---

[2] The CBA's Article 18, "Overtime" states, "Work performed in excess of eight (8) hours of straight time per day, or ten (10) hours of straight time per day when four ten (10) hour shifts are established, Monday through Friday, or outside the normal shift, and all work on Saturday, expect for make-up days, shall be paid at time and one-half (1 ½) the straight time rate. All work performed on Sundays and holidays and work in excess of twelve (12) hours per day shall be paid at double (2x) the straight time rate of pay. Dkt. 3-1 at 17.

[3] The CBA's Appendix 1, "Zone Pay Differential," states, "The payment for transportation reimbursement shall be governed by the following provisions: the parties recognize that it is sometimes inconvenient to get to the job location because of varying distances. It is agreed and understood that while traveling to and from work, the employees are not within the course and scope of their employment and the relationship of the Employer-employee does not commence until hourly wage commences."

– how overtime compensation is calculated under the employment relationship established by the CBA.

Dkt. 17 at 10.

Yearsley argues that a state law claim is not preempted by a CBA provision merely because it addresses the same subject matter. He contends that because Evergreen has failed to identify a disputed or ambiguous CBA provision requiring *interpretation*, his claims are not preempted. Yearsley further contends that the "CBA cannot determine whether time is compensable under Washington law." Dkt. 13 at 27. He relies on Washington's MWA, which provides that an agreement between an employer and employee to accept less compensation than required by statute "shall be no defense" to an action for unpaid wages. *Id.* at 27 (citing RCW 49.46.090(1)).

The Court agrees. The fact the CBA and Yearsley's state law claims both concern travel time compensation does not, without more, establish § 301 preemption. *Burnside* is instructive. There, a proposed class of employees sought wages for time spent traveling between designated meeting points and their actual job sites. 491 F.3d at 1055. The proposed class members were covered by five separate CBAs that contained provisions designating compensation for travel time between a "reporting point" and "jobsite," and distinguishing between employer-mandated travel and voluntary travel. *Id*. at 1056-57. The employees' complaint did not reference the CBAs but instead asserted claims solely under California state law. *Id*. at 1058. The Ninth Circuit examined the relevant CBA provisions and concluded that § 301 preemption did not apply because the employees' wage claims could be resolved by merely "looking to" the CBA provisions rather than

needing to "interpret" them. *Id*. at 1071.The Court explained that "the right to be compensated for compulsory travel time is a right conferred as a matter of state law that exists independent of the terms of the CBAs, and . . . claims to compensation for that time can be resolved without interpreting these agreements." *Id.* at 1074; *see also Stafford v. Key Mech. Co. of Washington*, No. C21-5063-BHS-MLP, 2021 WL 2211287, at *1 (W.D. Wash. Apr. 27, 2021), *report and recommendation adopted*, No. C21-5063 BHS-MLP, 2021 WL 2206496 (W.D. Wash. June 1, 2021) (concluding that plaintiff's unpaid travel time claims were not preempted by § 301 because determining liability required court to assess Washington law and did not require interpretation of the CBA).

The same reasoning applies here. Yearsley alleges that Evergreen violated Washington law by failing to compensate him and proposed class members for time traveling to jobsites. He does not allege a breach of the CBA, and Evergreen does not contend that his claims assert rights created by the CBA. Instead, Washington law determines whether the time employees spend traveling to work qualifies as compensable time and, therefore, whether Evergreen is liable for failing to pay them for that time. *See Stafford*, 2021 WL 2206496 at *3 ("'Hours worked'" shall be considered to mean all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." (citing *Hours Worked*, Wash. Dep't of Labor & Indus., Admin. Policy ES.C.2 at 1-3 (rev. Sept. 2, 2008); WAC 296-126-002(8))). Moreover, Evergreen fails to explain how or why the CBA's overtime or travel time provisions are ambiguous or must be interpreted to resolve that question. The

mere fact that the CBA addresses travel and overtime does not mean that the Court must interpret those provisions to determine Evergreen's liability under Washington law.

Yearsley's motion to remand, Dkt. 13, is **GRANTED** and this case is **REMANDED** to Pierce County Superior Court, effective 14 days from the date of this Order. *See* LCR 3(i).

Yearsley's request for attorney fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge